# EXHIBIT A

**RASi**
**REGISTERED AGENT**
**S O L U T I O N S   I N C**

Registered Agent Solutions, Inc.
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

**Phone: (888) 705-RASi (7274)**

# SERVICE OF PROCESS RECEIPT

7/6/2016

Service of Process Dept.
**XPO Logistics, LLC**
c/o XPO Logistics
2211 Old Earnhart Road
Ann Arbor, MI 48105 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:  XPO Logistics, LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 7/6/2016 |
| Service Time: | 11:26 AM PDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0055443 |
| RASi Office: | California |
| Rec. Int. Id.: | AXS |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | RG16821800 |
| File Date: | 07/01/2016 |
| Jurisdiction: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
| Case Title: | RAMON GARCIA, ET AL VS. MACY'S WEST STORES, INC., ET AL. |

**ANSWER / APPEARANCE INFORMATION**

30 days          *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | LAW OFFICES OF THOMAS W. FALVEY |
| Attorney/Contact: | MICHAEL H. BOTAMIAN |
| Location: | California |
| Telephone No.: | 818-547-5200 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Demand for Jury Trial
OtherDetail: CIVIL CASE COVER SHEET & ADDENDUM

**ADDITIONAL NOTES**

DAVID R. TIBOR OF THE LAW OFFICES OF JOSEPH M. LOVRETOVICH, LOCATED IN CALIFORNIA @
818-610-8800, IS ALSO LISTED AS AN ATTORNEY FOR THE PLAINTIFF'S, PLEASE REVIEW.

**Questions or Comments... Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.**

You have been notified of this Service of Process per your default account instructions.  RASi offers several methods of notification including Telephone Notification, Email Notification, Online Insta-SOP Delivery, and FedEx/US Postal Service Delivery.  If you would like to update your account's default notification methods or view Service of Process information, log into your online account at www.rasi.com.

*Thank you for your continued business!*

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** MACY'S WEST STORES, INC., an Ohio
**(AVISO AL DEMANDADO):** Corporation; JOSEPH ELETTO
TRANSFER, INC., a New York corporation; XPO LOGISTICS
LLC, an Ohio corporation; and DOES 1 through 25,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** RAMON GARCIA, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual; VICTOR
RAMIREZ, an individual; ADRIAN VALENTE, an
individual; MARIO PINON, an individual;

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUL 01 2016

CLERK OF *Xian-Xii Bowie*

By

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

Rene C. Davidson Courthouse
1225 Fallon Street
Same as Above
Oakland, 94612

**CASE NUMBER:** (Número del Caso): **RG16821800**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Thomas W. Falvey, SBN 65744
Michael H. Boyamian, SBN 256107          818-547-5200     818-500-9307
LAW OFFICES OF THOMAS W. FALVEY
550 North Brand Boulevard, Suite 1500, Glendale, CA 91203

DATE:
(Fecha) JUL 01 2016        Chad Finke        Clerk, by *Xian-Xii Bowie*, Deputy
                            (Secretario)                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): XPO LOGISTICS, LLC an Ohio corporation

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [✓] other (specify): CT 17061 limited liability company

4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
PlusPlus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

| SHORT TITLE: | | SUM-200(A) |
|---|---|---|
| GARCIA v. MACY's | CASE NUMBER: | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

☑ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MYNOR CABRERA, an individual; Individually, and on Behalf of All Similarly Situated Individuals,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ENDORSED
FILED
ALAMEDA COUNTY

JUL 01 2016

CLERK OF THE SUPERIOR COURT
By_____ Xiau-Xii Bowie

1  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
2  MICHAEL H. BOYAMIAN, SBN 256107
   ARMAND R. KIZIRIAN, SBN 293992
3  550 North Brand Boulevard, Suite 1500
   Glendale, California 91203
4  Telephone:    (818) 547-5200
   Facsimile:    (818) 500-9307
5  E-mail(s):    thomaswfalvey@gmail.com, mike.falveylaw@gmail.com
                 armand.falveylaw@gmail.com
6
7  THE LAW OFFICES OF JOSEPH M. LOVRETOVICH
   JOSEPH M. LOVRETOVICH, SBN 73403
8  DAVID F. TIBOR, SBN 230563
   21052 Oxnard Street
9  Woodland Hills, California 91367
   Telephone:    (818) 610-8800
10 Facsimile:    (818) 610-3030
   E-mail(s):    jml@jmllaw.com, david@jmllaw.com

11 Attorneys for Plaintiffs RAMON GARCIA, VICTOR RAMIREZ,
   ADRIAN VALENTE, MARIO PINON, and MYNOR CABRERA,
12 Individually and on Behalf of All Similarly Situated Individuals

13     **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14          **FOR THE COUNTY OF ALAMEDA**

15 | RAMON GARCIA, an individual; | CASE NO.  RG16821800
16 | VICTOR RAMIREZ, an individual;
   | ADRIAN VALENTE, an individual; | [CLASS ACTION]
17 | MARIO PINON, an individual; MYNOR
   | CABRERA, an individual; Individually, | **COMPLAINT FOR:**
18 | and on Behalf of All Similarly Situated
   | Individuals, | 1.  UNPAID WAGES (LABOR CODE §§ 216 and
19 |                                        | 1194)
   |                          Plaintiffs,  | 2.  FAILURE TO PAY MINIMUM WAGE
20 |                                        | (LABOR CODE § 1194)
   |                    vs.                 | 3.  FAILURE TO PAY OVERTIME
21 |                                        | COMPENSATION (LABOR CODE §§ 510 and
   | MACY'S WEST STORES, INC., an          | 1194);
22 | Ohio corporation; JOSEPH ELETTO       | 4.  FAILURE TO PROVIDE MEAL AND REST
   | TRANSFER, INC., a New York            | PERIODS (LABOR CODE §§ 512 and 226.7);
23 | corporation; XPO LOGISTICS, LLC, an   | 5.  FAILURE TO FURNISH ACCURATE WAGE
   | Ohio corporation; and DOES 1 through  | AND HOUR STATEMENTS (LABOR CODE §
24 | 25, Inclusive,                        | 226);
   |                                        | 6.  WAITING TIME PENALTIES (LABOR CODE
25 |                         Defendants.    | §§ 201-203);
   |                                        | 7.  INDEMNIFICATION (LABOR CODE §§ 2800
26 |                                        | and 2802);
   |                                        | 8.  CONVERSION (LABOR CODE §§ 3336 and
27 |                                        | 3294); and
   |                                        | 9.  UNFAIR COMPETITION (LABOR CODE §§
28 |                                        | 17200 et seq.).

                                          **JURY TRIAL DEMANDED**

                                     1

BY FAX

Plaintiffs Ramon Garcia, Victor Ramirez, Adrian Valente, Mario Pinon, and Mynor Cabrera ("Plaintiffs"), individually and on behalf of all similarly situated individuals, allege as follows:

## GENERAL ALLEGATIONS

1.     This is a proposed class action brought against Defendants MACY'S WEST STORES, INC., JOSEPH ELETTO TRANSFER, INC., XPO LOGISTICS, LLC and DOES 1-25, inclusive (collectively, "Defendants"), on behalf of Plaintiffs and all other non-employee workers who worked in California as a Driver and/or Helper for Defendants at any time during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), who were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to California employees.

2.     During the Class Period, Defendants:

    a.     failed to pay wages for all hours worked by Drivers and Helpers;

    b.     failed to pay Drivers and Helpers the applicable legal minimum wage;

    c.     failed to pay overtime wages due to Drivers and Helpers;

    d.     failed to provide meal and rest periods due to Drivers and Helpers;

    e.     failed to provide the Drivers and Helpers with timely and accurate wage and hour statements;

    f.     failed to pay the Drivers and Helpers compensation in a timely manner upon their termination or resignation;

    g.     failed to maintain complete and accurate payroll records for the Drivers and Helpers;

    h.     wrongfully withheld wages and compensation due to the Drivers and Helpers; and

    i.     committed unfair business practices in an effort to increase profits and to gain an unfair business advantage at the expense of the Drivers and Helpers and the public.

////

2

CLASS ACTION COMPLAINT

3.    The foregoing acts and other acts by Defendants - committed throughout California and Alameda County - violated provisions of the California Labor Code, including sections 201, 202, 203, 204, 226, 226.7, 226.8, 510, 512, 515, 551, 552, 558, 1194, and 1198 (collectively, "Employment Laws"), violated the applicable Wage Orders issued by California's Industrial Welfare Commission, including Wage Orders 5-2001 during the Class Period ("Regulations"), violated California's Unfair Business Practices Act, California Business & Professions Code sections 17200 *et seq.*, and violated Plaintiffs' rights.

## JURISDICTION AND VENUE

4.    Venue is proper in this Judicial District and the County of Alameda because work was performed by Plaintiffs and other members of the Class for Defendants in the County of Alameda, California, and Defendants' obligations under the Employment Laws and Regulations to pay overtime wages, to provide meal and rest periods and accurate wage statements to Plaintiffs and other members of the Class arose and were breached in the County of Alameda.

5.    The California Superior Court has jurisdiction in this matter because Plaintiffs are all residents of California, and Defendants are corporations qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue as the claims are based solely on California law.

## THE PARTIES

6.    Plaintiff Ramon Garcia is, and at all relevant times was, a competent adult residing in California. Mr. Garcia brings suit on behalf of himself and all similarly situated individuals pursuant to California Code of Civil Procedure section 382, and California Business & Professions Code sections 17200, *et seq.* Mr. Garcia is unlawfully classified by Defendants as an independent contractor and currently works as a Helper out of Macy's Logistics and Operations Center located in Union City, California.

7.    Plaintiff Victor Ramirez is, and at all relevant times was, a competent adult residing in California. Mr. Ramirez brings suit on behalf of himself and all similarly situated individuals pursuant to California Code of Civil Procedure section 382, and California Business & Professions Code sections 17200, *et seq.* Mr. Ramirez is unlawfully classified by Defendants

3

CLASS ACTION COMPLAINT

1  as an independent contractor and currently works as a Driver out of Macy's Logistics and
2  Operations Center located in Union City, California.

3        8.     Plaintiff Adrian Valente is, and at all relevant times was, a competent adult
4  residing in California. Mr. Valente brings suit on behalf of himself and all similarly situated
5  individuals pursuant to California Code of Civil Procedure section 382, and California Business
6  & Professions Code sections 17200, *et seq.* Mr. Valenta was unlawfully classified by Defendants
7  as an independent contractor and currently works as a Helper out of Macy's Logistics and
8  Operations Center located in Union City, California.

9        9.     Plaintiff Mario Pinon is, and at all relevant times was, a competent adult residing
10  in California. Mr. Pinon brings suit on behalf of himself and all similarly situated individuals
11  pursuant to California Code of Civil Procedure section 382, and California Business &
12  Professions Code sections 17200, *et seq.* Mr. Pinon was unlawfully classified by Defendants as
13  an independent contractor and works as a Driver out of Macy's Logistics and Operations Center
14  located in Union City, California.

15        10.    Plaintiff Mynor Cabrera is, and at all relevant times was, a competent adult
16  residing in California. Mr. Cabrera brings suit on behalf of himself and all similarly situated
17  individuals pursuant to California Code of Civil Procedure section 382, and California Business
18  & Professions Code sections 17200, *et seq.* Mr. Cabrera was unlawfully classified by
19  Defendants as an independent contractor and works as a Driver out of Macy's Logistics and
20  Operations Center located in the Union City, California.

21        11.    Defendant Macy's West Stores, Inc. is, and at all relevant times was, an Ohio
22  corporation registered with the State of California's Secretary of State. Macy's is one of the
23  nation's premier chain of department stores and is a retailer of a variety of private and in-store
24  brands. Macy's conducts business throughout the State of California, including Alameda
25  County.

26        12.    Defendant Joseph Eletto Transfer, Inc. is, and at all relevant times was, a New
27  York corporation registered with the State of California's Secretary of State. Eletto is a carrier
28  for department stores providing logistics management. Defendants have engaged in unlawful

4

CLASS ACTION COMPLAINT

1  employment practices addressed in this Complaint throughout California and in Alameda
2  County.

3     13.   Defendant XPO Logistics, LLC is, and at all relevant times was, an Ohio
4  corporation registered with the State of California's Secretary of State.  Like Eletto, XPO is a
5  provider of managed transportation services including the planning and execution for delivery of
6  Macy's products.  XPO and Defendants have engaged in unlawful employment practices
7  addressed in this Complaint throughout California and in Alameda County.

8     14.   Defendants Macy's, Eletto, and XPO are, and at all relevant times were,
9  corporations conducting business in the State of California, including the County of Alameda.
10 Plaintiffs are informed and believe, and based upon such information and belief, allege that
11 Macy's exercised control over the operations of Eletto and XPO from its resources, preparation,
12 and management, to Eletto and XPO utilizing Macy's criteria and standards for hiring personnel
13 and performing deliveries.

14    15.   The degree of control exercised by Macy's over Eletto and XPO is enough to
15 reasonably deem Eletto and XPO as agents of Macy's under traditional agency principles.  Eletto
16 and XPO can legitimately be described as only a means through which Macy's acts and conducts
17 its global business.  Defendants Eletto, XPO, and Macy's have such a unity of interest and
18 ownership that the separate personalities do not in reality exist and that the corporate structure is
19 just a shield for the alter ego of each other.  Plaintiffs therefore are informed and believe and
20 thereupon allege Eletto, XPO, and Macy's, and each of them, were their employer under
21 California law, that Defendants herein did acts consistent with the existence of an employer-
22 employee relationship with Plaintiffs - despite their unlawful classification of Plaintiffs as
23 independent contractors - and that Eletto and XPO were owned, controlled, directly or indirectly,
24 by Macy's.

25    16.   Plaintiffs are informed and believe and based thereon allege that Defendants
26 uniformly apply their pay practices, and overtime policies to all Drivers and Driver Assistants.

27    17.   Plaintiffs are currently unaware of the true names and capacities of the defendants
28 sued in this action by the fictitious names DOES 1 through 25, inclusive, and therefore sue those

1 defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true

2 names and capacities of such fictitiously named defendants when they are ascertained.

3      18.    Plaintiffs are informed and believe and based thereon allege that each defendant

4 sued in this action, including each defendant sued by the fictitious names DOES 1 through 25,

5 inclusive, is responsible in some manner for the occurrences, controversies and damages alleged

6 below.

7      19.    Plaintiffs are informed and believe and based thereon allege that DOES 1 through

8 25, inclusive were the agents, servants and/or employees of Defendants and, in doing the things

9 hereinafter alleged and at all times, were acting within the scope of their authority as such agents,

10 servants and employees, and with the permission and consent of Defendants.

11      20.    Plaintiffs are informed and believe and based thereon allege that Defendants

12 ratified, authorized, and consented to each and all of the acts and conduct of each other as alleged

13 herein.

14 **FACTS COMMON TO ALL CAUSES OF ACTION**

15      21.    Defendants unlawfully classified Plaintiffs and other similarly situated individuals

16 as independent contractors when, in fact, they were heavily regulated through a series of work-

17 related restrictions and directives. Macy's directs Eletto to secure truck owners to have them

18 contract with Macy's for purposes of delivering Macy's products to its customers. These truck

19 owners arrive at Macy's Logistics and Operations Center and go through a hiring process with

20 Macy's employees who office at the same site. Truck owners are hired by Macy's and are

21 required to have a Macy's banner put on the truck. Truck owners then bring on Drivers and

22 Driver Assistant or commonly referred to by Defendants as "Helpers", like Plaintiffs, who are

23 also evaluated by Macy's employees for hiring purposes.

24      22.    After Defendants hired Plaintiffs, Macy's instructed Plaintiffs to follow a series of

25 directives related to the delivery of Macy's products. These directives include, but are not

26 limited to, the following:

27      a.    the truck must bear a Macy's logo and cannot be used for any others

28 purposes while having the Macy's banner;

CLASS ACTION COMPLAINT

1          b.      the truck must be left at the site at the end of the work day;

2          c.      the delivery schedules are set and controlled by Macy's and cannot be

3   varied by Drivers or Driver's Assistants, like Plaintiffs;

4          d.      Plaintiffs were required to purchase at their own cost and wear Macy's

5   distinct uniforms;

6          e.      Drivers and Helpers, like Plaintiffs, were required to carry personalized

7   Macy's business cards that they give out to customers carrying the Macy's logo ;

8          f.      Plaintiffs were also required to announce themselves to Macy's customers

9   as "Macy's delivery" and "from Macy's";

10         g.      Plaintiffs were required to provide felt and plastic  at their own cost and

11  expense in connection with delivering Macy's products;

12         h.      each morning Plaintiffs and other similarly situated Drivers and Helpers

13  were required to go through a process of "role-playing" where Macy's employees evaluate

14  whether the Driver or Helper, like Plaintiffs, met Macy's standards and expectations of delivery

15  and customer service;

16         i.      on each delivery - and as part of their "role-playing" exercise -

17  Plaintiffs were instructed to use a red carpet provided by Macy's in delivering Macy's products

18  and if that red carpet was lost or destroyed, then the Driver and/or Helper must purchase a red

19  carpet for $200;

20         j.      if a customer has furniture and offers it to a Driver or Helper, Macy's

21  considers the donation as Macy's property and it must be delivered and left at the site or

22  warehouse;

23         k.      Drivers and Helpers must offer to vacuum the floor when they remove

24  furniture;

25         l.      if Drivers and Helpers are requested to remove mattress, they must do it

26  even if it is covered in bedbugs, feces, or blood;

27         m.      if any of the furniture is damaged, even if the damage comes from the

28  store, the Driver must pay for it and/or receives a negative evaluation - the negative evaluation is

7

CLASS ACTION COMPLAINT

1   in turn assessed by Macy's employees and is used as a basis to dock pay;

2        n.   Drivers and Helpers, including Plaintiffs, were required to leave customers

3   with a performance checklist with "Macy's" printed on it, and customers are encouraged to

4   provide feedback directly to Macy's to rate the performance of the Driver or Helper;

5        o.   Plaintiffs were required to obtain worker's compensation insurance and

6   umbrella insurance at their own expense and must purchase the umbrella insurance from Macy's;

7        p.   Plaintiffs were graded and/or evaluated for their performance in delivering

8   Macy's products and were either issued nominal monetary bonuses for satisfactory work from

9   Defendants or counseled by Defendants' agents for perceived unsatisfactory work;

10      23.   Plaintiffs, including the putative class of Drivers and Helpers they seek to

11   represent, were all compensated on a flat-rate - $120/day for Drivers and $100/day for Helpers -

12   regardless of how many hours were actually worked.  Plaintiffs received their compensation by

13   personal check issued by the truck owners, and not from Defendants.  This "flat rate" also

14   constitutes an unlawful piece-rate compensation system because Drivers and Helpers had no

15   control over how many hours they worked and could do nothing to change the amount of pay

16   through their own efficiencies.  This unlawful compensation scheme did not account for all the

17   work performed by Drivers or Helpers, like Plaintiffs, who typically worked 12 to 15 hours a day

18   and performed various non-driving tasks all under the control and direction of Defendants.  This

19   compensation scheme is illegal and is in violation of the Employment Laws and Regulations.

20      24.   On or about December 27, 2014, Eletto was replaced by XPO Logistics at Macy's

21   Logistics & Operations Center in Union City, California.  Plaintiffs and similarly situated Drivers

22   and Helpers continued to be unlawfully classified as independent contractors despite the systemic

23   and pervasive control Macy's and XPO continued to exert on Plaintiffs and the Putative Class.

24      25.   During the time Plaintiffs were employed by Defendants and as part of the four

25   years preceding the filing of this action,  Defendants failed to provide Plaintiffs and similarly

26   situated Drivers and Helpers with rest periods during work shifts over four hours.  Defendants

27   also routinely failed to provide Plaintiffs and similarly-situated employees a 30-minute meal

28   period in which they were relieved of all duties when they worked over five hours.  These

---

8

CLASS ACTION COMPLAINT

1  practices are in violation of the Employment Laws and Regulations.

2    26.    During Plaintiffs' employment with Defendants, Plaintiffs and Drivers and

3  Helpers were regularly required to work more than eight hours per day and more than forty hours

4  per workweek. Defendants regularly did not compensate Plaintiffs and Drivers and Helpers for

5  the overtime hours they worked, in violation of the Employment Laws and Regulations.

6    27.    During Plaintiffs' employment with Defendants, Macy's and Eletto failed to

7  provide Plaintiffs with timely and accurate wage and hour statements showing gross hours

8  earned, total hours worked, all deductions made, net wages earned, accrued vacation, and all

9  applicable hourly rates in effect during each pay period, as well as the corresponding number of

10  hours worked at each hourly rate.

11    28.    During Plaintiffs' employment with Defendants, Defendants wrongfully withheld

12  from Plaintiffs and failed to pay their wages and other compensation which was due them for all

13  of their hours worked, for overtime work, for missed meal and rest periods, and as otherwise

14  required pursuant to the Employment Laws and Regulations.

15    29.    Plaintiffs seek restitution and disgorgement of all sums wrongfully obtained by

16  Defendants through unfair business practices in violation of California's Business & Professions

17  Code sections 17200, *et seq.*, to prevent the Defendants from benefitting from their violations of

18  law and/or unfair acts. Such sums recovered under the Unfair Competition Act and Unfair

19  Businesses Act are equitable in nature and are not to be considered damages. Plaintiffs are also

20  entitled to costs, attorney's fees, interest and penalties as provided for by the California Labor

21  Code, the California Business & Professions Code, and the Private Attorney General Act,

22  California Code of Civil Procedure section 1021.5.

23    30.    To the extent that any Class Member, including Plaintiffs, entered into any

24  arbitration agreement with any Defendant and such agreement purports to require arbitration,

25  such agreement is void and unenforceable. Any such agreement was one of adhesion, executed

26  under duress, lacked consideration and mutuality, and was otherwise void under both California

27  Labor Code section 229 and the California Supreme Court case of *Armendariz v. Foundation*

28  *Health Psychare Services, Inc.* (2000) 24 Cal.4th 83.

9

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

31.. Plaintiffs bring these claims as a class action pursuant to Code of Civil Procedure § 382 and Business and Professions Code §§ 17203 & 17204. Plaintiffs bring this action on their own behalf and on behalf of the following class of individuals (the "Class" or "Class Members"):

> All individuals employed by, or formerly employed by, Defendants as Drivers at Macy's Logistic and Operations Center located in Union City in the State of California at any time from June 30, 2012, and continuing while this action is pending.

> All individuals employed by, or formerly employed by, Defendants as Driver Assistants or referred to as "Helpers" at Macy's Logistic and Operations Center located in Union City in the State of California at any time from June 30, 2012, and continuing while this action is pending.

32. All Drivers or Helpers, including Plaintiffs, are putative class members.

33. During the Class Period, by virtue of unlawfully classifying Plaintiffs and Class Members as independent contractors and compensating Class Members with a "flat rate" Defendants have routinely failed to compensate Drivers and Helpers all of the wages they are due ("off-the-clock" work).

34. During the Class Period, Plaintiffs and Drivers and Helpers were subject to Defendants' unlawful company practice of classifying them as independent contractors and paying them a daily flat sum of money when in fact they were subjected to the pervasive control of Defendants. All who were subject to this unlawful classification and compensation scheme suffered damages. Defendants applied this illegal wage device uniformly to all Drivers and Helpers who worked out of Macy's Logistic and Operations Center to the disadvantage of Class Members.

35. As a result, during the Class Period, Defendants have failed to provide Drivers and Helpers with accurate wage and hour statements since the daily "flat rate" did not fully compensate Drivers and Helpers for all hours worked. , Defendants have failed to provide Drivers and Helpers with accurate wage and hour statements since the gross hours earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

10

CLASS ACTION COMPLAINT

36.     During the Class Period, Plaintiffs and Drivers and Helpers have been required to work more than eight hours per day and more than forty hours per workweek. Defendants have routinely failed to compensate Drivers and Helpers all of the overtime wages they are due.

37.     During the Class Period, Defendants have failed to pay accrued wages and other compensation due immediately to Drivers and Helpers who were terminated, and Defendants have failed to pay accrued wages and other compensation due within seventy-two hours to Drivers and Helpers who ended their employment.

38.     The proposed class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

39.     Numerosity. The Drivers and Helpers are so numerous, conservatively estimated to include over 40 Drivers and Helpers, that joinder of each individual Class Member would be impracticable, and the disposition of their claims in a class action, rather than numerous individual actions, will benefit the parties, the Court and the interests of justice.

40.     Commonality. There is a well-defined community of interest in the questions of law and fact involved in this action, because Defendants' failure to pay Drivers and Helpers their wages or afford them the protections required under the Employment Laws and Regulations affects all Class Members. Common questions of law and fact predominate over questions that affect only individual Driver and Helpers, because all Drivers and Helpers were subject to the uniform, unlawful pay practices and policies. The predominate questions of law and fact include, but are not limited to:

a.     Did Defendants devise a scheme and plan to circumvent California wage and hour laws?;

b.     Was/is Defendants' conduct fraudulent and deceitful?;

c.     Did/does Defendants' conduct violate the Employment Laws and Regulations?; and

      (i)     failing to compensate Plaintiff and the Class Members for all hours worked;

      (ii)     failing to compensate Plaintiff and the Class Members at the

applicable and legally-mandated minimum hourly rate of $8.00;

(iii)   failing to provide Plaintiffs and the Class Members with timely and accurate wage and hour statements; and

(iv)   failing to maintain complete and accurate payroll records for Plaintiffs and the Class Members;

d.   Do/did Defendants' systematic acts and practices violate, *inter alia*, California Business & Professions Code section 17200, *et seq*.?

41.   <u>Typicality.</u> Plaintiffs' claims are typical of those of the other Drivers and Helpers because all Drivers and Helpers share the same or similar employment duties and activities, all are automatically classified as independent contractors, and all have been denied the benefits and protections of the Employment Laws and Regulations in the same manner. Since Defendants have uniformly applied the same pay practices and policies to each Driver and Helper, Plaintiffs' claims are typical of the claims of all Drivers and Helpers. Plaintiffs' claims are also typical because they have suffered the same damages as those suffered by all Class Members.

42.   <u>Adequacy of Representation.</u> Plaintiffs can fairly and adequately represent and protect the interests of all Drivers and Helpers in that neither Plaintiffs have disabling conflicts of interest which are antagonistic to those of all other Drivers and Helpers. Plaintiffs seek no relief which is antagonistic or adverse to the other Class Members, and the infringement of their rights and the damages they have suffered are typical of all other Class Members. Plaintiffs' counsel is competent and experienced in litigating class actions in California based on large employers' violations of the Employment Laws and Regulations.

43.   As mentioned above, to the extent that any Driver or Helper entered into any arbitration agreement with any Defendant and such agreement purports to require arbitration, such agreement is void and unenforceable. Even if such agreement is deemed enforceable, however, classwide arbitration is appropriate and should be utilized to obtain classwide relief.

44.   <u>Superiority of Class Action.</u> The nature of this action and the nature of laws available to Plaintiffs and the other Drivers and Helpers in the putative Class make use of the class action a particularly efficient and effective procedure because:

---

12

CLASS ACTION COMPLAINT

a.  For many of the Drivers and Helpers, individual actions or other individual remedies would be impracticable and litigating individual actions would be too costly;

b.  The action involves large corporate employers (Macy's, Eletto, XPO Logistics) and a large number of individual employees (Plaintiffs and the other Class Members), many with relatively small claims and all with common issues of law and fact;

c.  If the Drivers and Helpers are forced to bring individual lawsuits, the corporate defendants would necessarily gain an unfair advantage, the ability to exploit and overwhelm the limited resources of individual Class Members with vastly superior financial and legal resources;

d.  The costs of individual suits would likely consume the amounts recovered;

e.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees of Defendants, who would be disinclined to pursue an action against their present and/or former employer due to an appreciable and justified fear of retaliation and permanent damage to their immediate and/or future employment; and

f.  Common business practices Plaintiffs experienced are representative of those experienced by all Drivers and Helpers and can establish the right of all Drivers and Helpers to recover on the alleged claims.

## FIRST CAUSE OF ACTION

### (Failure to Pay Compensation For All Hours Worked - Labor Code §§ 216 and 1194
### By Plaintiffs Individually and on Behalf of All Drivers and Helpers)

45.  As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

46.  Plaintiffs bring this action to recover their unpaid compensation for all hours worked as defined by the applicable Industrial Welfare Commission wage order as the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

13

CLASS ACTION COMPLAINT

47.    Drivers and Helpers, including Plaintiffs, were unlawfully classified as independent contractors but were instructed, directed or otherwise controlled by Defendants to perform their work through a series of Defendants' requirements, expectations, and standards for performance. Defendants knew or should have known that Plaintiffs were working these hours because a) Defendants required employees to "swipe-in" and "swipe-out" on an electronic cash register, thus Defendants knew the actual hours worked by employees, and b) Plaintiffs were informed that this directive to not report all hours worked on their hand-written time records came from the highest level of management.

48.    Current and former employees who were food servers (waiters and waitresses) were instructed to record a meal period on their hand-written time log regardless of the fact that they were not relieved of duty for a meal period. Defendants would "auto-deduct" for a meal period each and every shift without any confirmation that the meal period was provided. This half-hour a day of unpaid time for meal periods not taken is further indicia of "Off the Clock" work and violates the Employment Laws and Regulations.

49.    Plaintiffs are entitled to recover the unpaid balance of compensation Defendants owe Plaintiffs, plus interest, associated statutory penalties, and reasonable attorney fees and costs pursuant to Labor Code section 1194.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages - Labor Code § 1194

### By Plaintiffs Individually and on Behalf of All Class Members)

50.    As a separate and distinct cause of action, Plaintiffs complain and reallege all of the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

51.    At all relevant times, the IWC Wage Order 5-2001 applied to Plaintiffs in Plaintiffs' capacity as employees of Defendants. The Wage Orders and California law provided, among other things, that Plaintiffs must receive minimum wage earnings for all hours worked.

////

CLASS ACTION COMPLAINT

52.     During the Class Period, Defendants have routinely failed to pay Drivers and Helpers, including Plaintiffs, the minimum wage required by the Employment Laws and Regulations for all hours worked.  Defendants unlawfully classified Drivers and Helpers as independent contractor and compensated Plaintiffs through an unlawful piece rate - a flat rate - for work.  Defendants' unlawful scheme of a "flat rate" violates the provisions of Wage Order 5-2001 as it exceeds the maximum allotted amount that can be charged to an employee.

53.     Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned minimum wages as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay said wages for all hours worked.  Drivers and Helpers, including Plaintiffs, are entitled to recover the past wages owed to them, under the minimum wage laws, plus an additional equal amount as liquidated damages as permitted under the Wage Orders and California law, plus interest thereon and attorneys' fees and costs, pursuant to Labor Code § 1194, in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

**(Failure to Pay Overtime Compensation - By Plaintiffs Individually and on Behalf of All Drivers and Helpers: California Labor Code §§ 510 and 1194)**

54.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55.     During the Class Period, Defendants have routinely required Drivers and Helpers, including Plaintiffs, to work over eight hours in a day and over forty hours in a workweek. However, Defendants have failed and refused to pay the Drivers and Helpers, including Plaintiffs, the overtime compensation required by the Employment Laws and Regulations.

56.     The Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned overtime compensation as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation.  Drivers and Helpers, including Plaintiffs, are entitled to recover such amounts, plus interest, attorney's fees and costs.

15

CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Meal and Rest Periods - By Plaintiffs Individually and on Behalf of All**

**Drivers and Helpers: California Labor Code §§ 226.7 and 512)**

57.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.     During the Class Period, Defendants have routinely failed to provide employees in the position of Drivers and Helpers, including Plaintiffs, with meal and rest periods during their work shifts, and have failed to compensate these Drivers and Helpers, including Plaintiffs, for those meal and rest periods, as required by California Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

59.     Drivers and Helpers, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' policies and practices and Defendants' failure and refusal to pay that compensation.  These Drivers and Helpers, including Plaintiffs, are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest, attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**(Failure to Accurate Furnish Wage and Hour Statements - By Plaintiffs Individually and**

**on Behalf of All Drivers and Helpers: California Labor Code § 226)**

60.     As a separate and distinct cause of action, Plaintiffs complain and reallege all the allegations contained in this complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

61.     During the Class Period, Defendants have routinely failed to provide Drivers and Helpers, including Plaintiffs, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing the Drivers and Helpers, and all applicable hours rates in effect

16

CLASS ACTION COMPLAINT

1   during each pay period and the corresponding number of hours worked at each hourly rate.

2     62. As a consequence of Defendants' actions, Drivers and Helpers are entitled to all

3   available statutory penalties, costs and reasonable attorney's fees, including those provided in

4   California Labor Code section 226(e), as well as all other available remedies.

5   **SIXTH CAUSE OF ACTION**

6   **(For Waiting Time Penalties – By Plaintiffs Individually and on Behalf of All Drivers and**

7   **Helpers: California Labor Code §§ 201-203)**

8     63. As a separate and distinct cause of action, Plaintiffs complain and reallege all the

9   allegations contained in this complaint, and incorporate them by reference into this cause of

10  action as though fully set forth herein, excepting those allegations which are inconsistent with

11  this cause of action.

12    64. During the Class Period, Defendants failed to pay accrued wages and other

13  compensation due immediately to each Driver and Helper who was terminated and failed to pay

14  accrued wages, including meal and rest period wages and other compensation due within

15  seventy-two hours to each Driver and Helper who ended his or her employment.

16    65. As a consequence of Defendants' actions, Drivers and Helpers are entitled to all

17  available statutory penalties, including those provided in California Labor Code section 203, as

18  well as all other available remedies.

19  **SEVENTH CAUSE OF ACTION**

20  **(For Indemnification – By Plaintiffs Individually and on Behalf of All Drivers and Helpers-**

21  **Labor Code § 2802)**

22    66. As a separate and distinct cause of action, Plaintiffs complain and reallege all of

23  the allegations contained in this complaint, and incorporate them by reference into this cause of

24  action as though fully set forth herein, excepting those allegations which are inconsistent with

25  this cause of action.

26    67. Pursuant to Labor Code § 2802(a), an employer shall indemnify its employees for

27  all necessary expenditures or losses incurred by the employees in direct consequence of the

28  discharge of their duties, or of their obedience to the directions of the employer, even though

17
CLASS ACTION COMPLAINT

1  unlawful, unless the employee, at the time of obeying the directions, believed them to be
2  unlawful.

3      68.    During the Class Period, the Class Members, including Plaintiffs, were wrongfully
4  classified as independent contractors and incurred necessary business-related expenses and costs
5  that were not fully reimbursed by Defendants, including and without limitations, Defendants'
6  uniforms, transportation equipment such as plastic, felt, Macy's red carpet.

7      69.    During the Class Period, Defendants failed to reimburse the Class Members,
8  including Plaintiffs, for necessary business-related expenses and costs.

9      70.    The Class Members, including Plaintiffs, are entitled to recover from Defendants
10 their business-related expenses and costs incurred during the course and scope of their activities
11 for Defendants' benefit, plus attorneys' fees, costs and interest accrued from the date on which
12 the employee incurred the necessary expenditures.

13                        **EIGHTH CAUSE OF ACTION**

14 **(For Common Law Conversion - By Plaintiffs Individually and on Behalf of All Drivers**
15           **and Helpers: California Civil Code §§ 3336 and 3294)**

16     71.    As a separate and distinct cause of action, Plaintiffs complain and reallege all the
17 allegations contained in this complaint, and incorporate them by reference into this cause of
18 action as though fully set forth herein, excepting those allegations which are inconsistent with
19 this cause of action.

20     72.    During the Class Period, Defendants have wrongfully withheld and failed to pay
21 Drivers and Helpers, including Plaintiffs, wages and other compensation due them for overtime
22 work, for meal and rest periods, and as otherwise required pursuant to the Employment Laws and
23 Regulations.

24     73.    At all relevant times, Defendants have had a legal obligation imposed by statute to
25 pay Drivers and Helpers, including Plaintiffs, all overtime wages and compensation due.  Such
26 wages and compensation belong to Drivers and Helpers, including Plaintiffs, at the time the labor
27 and services are provided to Defendants and, accordingly, such wages and compensation are the
28 property of Drivers and Helpers, including Plaintiffs.

---

18

CLASS ACTION COMPLAINT

74.     Defendants have knowingly and intentionally failed to pay Drivers and Helpers, including Plaintiffs, the legal minimum wage, overtime wages for hours worked over eight hours in a day and forty hours in a workweek, failed to compensate them for meal and rest periods, and failed to provide them with other compensation due.  Defendants have intentionally converted the wages and compensation of Drivers and Helpers, including Plaintiffs, by

        a.      Withholding earned overtime wages and other compensation which the Drivers and Helpers, including Plaintiffs, owned or had the right to own and had the legal right to hold, possess and dispose of, and then,

        b.      Taking the overtime wages and other compensation due to the Drivers and Helpers, including Plaintiffs, and utilizing such wages and compensation for Defendants' own use and benefit.

75.     Among other thing, by employing an unlawful company practice as demonstrated by Defendants' compensation scheme of paying "flat rate", Defendants have converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of Drivers and Helpers, including Plaintiffs.  Defendants' conversion has been done with the advance knowledge, express or implied authorization, and/or ratification of Defendants' respective corporate officers, directors and managing agents.

76.     In refusing to pay all of the wages, overtime wages, expense reimbursements and other compensation due to the Drivers and Helpers, including Plaintiffs, Defendants have knowingly, unlawfully and intentionally taken, appropriated and converted such wages and compensation for Defendants' own use, purpose and benefit.  At the time the conversion took place, Drivers and Helpers, including Plaintiffs, were entitled to immediate possession of the wages earned.

77.     The Drivers and Helpers, including Plaintiffs, have been injured by Defendants' intentional conversion of such wages and compensation.  The Drivers and Helpers, including Plaintiffs, are entitled to all monies converted by Defendants, with interest, as well as any and all profits, whether direct or indirect, which Defendants' acquired by their unlawful conversion.

///

1    78.    Furthermore, Defendants' conversion was oppressive, malicious and/or in

2  conscious disregard of the rights of Drivers and Helpers, including Plaintiffs, who are thus

3  entitled to punitive damages.

4                              **NINTH CAUSE OF ACTION**

5    **(For Unfair Competition - By Plaintiffs Individually and on Behalf of All Drivers and**

6           **Helpers: California Business & Professions Code §§ 17200, *et seq.*)**

7    79.    As a separate and distinct cause of action, Plaintiffs complain and reallege all the

8  allegations contained in this complaint, and incorporate them by reference into this cause of

9  action as though fully set forth herein, excepting those allegations which are inconsistent with

10  this cause of action.

11    80.    Defendants' violations of the Employment Laws and Regulations as alleged in

12  this Complaint, including Defendants'

13        a.    Failure and refusal to pay Drivers and Helpers, including Plaintiffs, wages

14  for all hours worked;

15        b.    Failure and refusal to pay Drivers and Helpers, including Plaintiffs, the

16  legal minimum wage of $8.00;

17        c.    Failure and refusal to pay Drivers and Helpers, including Plaintiffs,

18  overtime wages;

19        d.    Failure and refusal to provide Drivers and Helpers, including Plaintiffs,

20  with meal and rest periods;

21        e.    Failure and refusal to provide Drivers and Helpers, including Plaintiffs,

22  with timely and accurate wage and hour statements;

23        f.    Failure to pay Drivers and Helpers, including Plaintiffs, compensation in a

24  timely manner upon their termination or resignation;

25        g.    Failure to maintain complete and accurate payroll records for Drivers and

26  Helpers, including Plaintiffs; and

27        h.    Wrongful conversion of wages and compensation due to Drivers and

28  Helpers, including Plaintiffs,

                                    20

1    all constitute unfair business practices in violation of the California Business &

2    Professions Code section 17200, *et seq.*

3        81.    Defendants have avoided payment of wages, overtime wages and other benefits as

4    required by the California Labor Code, the California Code of Regulations, and applicable

5    Industrial Welfare Commission Wage Orders.

6        82.    As a result of Defendants' unfair business practices, Defendants have reaped

7    unfair benefits and illegal profits at the expense of Drivers and Helpers, including Plaintiffs, and

8    members of the public.  Defendants should be made to disgorge their ill-gotten gains and to

9    restore them to Drivers and Helpers, including Plaintiffs.

10       83.    Defendants' unfair business practices entitles Plaintiffs to an order that

11   Defendants account for, disgorge and restore to the Drivers and Helpers, including Plaintiffs, the

12   wages and other compensation unlawfully withheld from them.

13                          **PRAYER FOR RELIEF**

14       **WHEREFORE**, Plaintiffs, individually and on behalf of all Drivers and Helpers, pray

15   that the Court enter judgment in their favor and against Defendants as follows:

16       1.    For an Order requiring and certifying this action as a class action;

17       2.    For an Order appointing Plaintiffs' counsel as Class Counsel;

18       3.    For compensatory damages in an amount to be ascertained at trial;

19       4.    For restitution in an amount to be ascertained at trial;

20       5.    For punitive damages in an amount to be ascertained at trial;

21       6.    For penalties as required by the applicable Wage Order or otherwise by law;

22       7.    For prejudgment interest at the legal rate pursuant to California Labor Code

23   section 218.6 and other applicable sections;

24       8.    For reasonable attorney's fees pursuant to California Labor Code § 1194;

25       9.    For cost of suit incurred herein;

26       10.   For disgorgement of profits garnered as a result of Defendants' unlawful failure to

27   pay overtime premium compensation and meal and rest period compensation; and

28   ////

---

21

CLASS ACTION COMPLAINT

1   11.   For such further relief as the Court may deem appropriate.

2   DATED:      June **30**, 2016         THE LAW OFFICES OF THOMAS W. FALVEY
3                                        THE LAW OFFICES OF JOSEPH M. LOVRETOVICH
4
5                                  By:_____
6                                        MICHAEL H. BOYAMIAN
                                         Attorneys for Plaintiffs Ramon Garcia, Victor
7                                        Ramirez, Adrian Valente, Mario Pinon, and Mynor
                                         Cabrera, Individually and on Behalf of All Similarly
8                                        Situated Individuals

9                           __DEMAND FOR JURY TRIAL__

10          Plaintiffs Ramon Garcia, Victor Ramirez, Adrian Valente, Mario Pinon, and Mynor

11   Cabrera, individually and on behalf of all similarly situated individuals, demand jury trial of this

12   matter.

13   DATED: June **30**, 2016          THE LAW OFFICES OF THOMAS W. FALVEY
14                                       THE LAW OFFICES OF JOSEPH M. LOVRETOVICH
15                                 By:_____
16                                       MICHAEL H. BOYAMIAN
                                         Attorneys for Plaintiffs Ramon Garcia, Victor
17                                       Ramirez, Adrian Valente, Mario Pinon, and Mynor
                                         Cabrera, Individually and on Behalf of All Similarly
18                                       Situated Individuals

19

20

21

22

23

24

25

26

27

28

                                          22
                              CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas W. Falvey, SBN 65744<br>Michael H. Botamian, SBN 256107<br>LAW OFFICES OF THOMAS W. FALVEY<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203 | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JUL 0 1 2016 |
| TELEPHONE NO.: 818-547-5200   FAX NO.: 818-500-9307 | |

ATTORNEY FOR (Name): Plaintiff's

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Central

CLERK OF THE SUPERIOR COURT
By
Xian-Xii Bowie

CASE NAME: GARCIA v. MACY'S

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG 1 6 8 2 1 8 0 0 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31) | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27) |
| [ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[X] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 9
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 30, 2016

Michael H. Botamian, SBN 65744
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

BY FAX

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court
Case Matter
Writ—Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Garcia v. Macy's | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[ ] Hayward Hall of Justice  (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Category | Type | | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non – PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence – non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage – non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 66 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

*Is the deft. in possession of the property?* [ ] Yes  [ ] No

202-19 (5/1/00)

A-13



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*                        **ALA ADR-**

                                           *FOR COURT USE ONLY*

        TELEPHONE NO.:

   E-MAIL ADDRESS *(Optional)*:            FAX NO. *(Optional)*:

    ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

     STREET ADDRESS:

    MAILING ADDRESS:

  CITY AND ZIP CODE:

     BRANCH NAME

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before t initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____ An Initial Case Management Conference is scheduled for:

   Date:                     Time:                      Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation        ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a.  No party to the case has requested a complex civil litigation determination hearing;

   b.  All parties have been served and intend to submit to the jurisdiction of the court;

   c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;

   d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;

   e.  Case management statements are submitted with this stipulation;

   f.  All parties will attend ADR conferences; and,

   g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶  _____

    (TYPE OR PRINT NAME)                     (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶  _____

    (TYPE OR PRINT NAME)                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use      **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**    Page 1 c
Superior Court of California,               Cal. Rules of Court,
County of Alameda                rule 3.221(e)(4)

ALA ADR-(

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California.    **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**    Cal. Rules of Court,
rule 3.221(a)(4)

**FIELD REPORT**

# ONE LEGAL LLC



| ONE LEGAL FIELD REPORT FOR ORDER NO.: | **10394959** | One Legal Southern CA Process Service |
|---|---|---|

To update the status of your order, please call toll free 877-737-8322 ext: 3990 or fax
the Field Report to 213-617-4717

**Field Instructions**

**Case Information**

**Case #:** 16C-0143   **Hearing Date:** 09/20/2016
**Court Name:** Hanford
**Case Title:** Nivia Norat Solis vs. FPI Management, Inc.
**Documents:** Civil Case Cover Sheet; Summons; Complaint; Notice of Assignment of Case Management Conference;
**Docs:** 2   **Pgs:** 10

**Assignment Details**

**Service Level:** Standard   **Due Date:** 07/29/2016
**Last Day to Serve:** 07/29/2016   **Status Due By:** 07/08/2016
**Last Day to S/S:**
**Special Instructions:**

**Servee Information**

**Servee:** FPI Management, Inc.
**Agent for Service:** Mike Watembach
**Physical Desc.:** Race:     Sex:     Age:     Height:
Weight:     Hair:     Eyes:     Marks:

**Address Information**

(1)Business: 800 Iron Point Road, , Folsom, CA 95630

**Server Required to Complete This Section (below)**

SOP   ☐ Personal  ☐ Sub-Serve  ☐ Post & Mail  ☐ Not Found  ☐ Locate  ☐ Cancel & Return
Mailed By: ☐ Agent  ☐ One Legal   Date:

| Date | Time | Loc | Comments | Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Service Date/time:**
**Served To:**
**Title/Relationship:**

| Server: | Timothy A. Palma dba D&JP Process Ser | Server Phone #: | Server Mobile #: |
|---|---|---|---|