UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GARCIA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MACY'S WEST STORES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-04440-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND AWARDING ATTORNEYS' FEES AND COSTS** |

Plaintiffs' unopposed motion for final approval of the class action settlement and request for an award of attorneys' fees and costs was heard on December 20, 2017. Having considered the record in the case and the pleadings filed I FIND and ORDER as follows:

1. The Class is comprised of: "All individuals who performed services as Drivers and/or Helpers delivering Macy's/Bloomingdale's products and/or furnishings, and associated with Joseph Eletto Transfer, Inc. out of/at the location identified as the Macy's Logistics and Operations distribution center, 1208 Whipple Road, Union City, California 94587 from July 1, 2012 to December 27, 2014."

2. With respect to the Class and for purposes of approving this settlement only, I find that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the lawsuit; (c) the claims of the Class Representatives are typical of the claims of the other members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives ("Class Counsel") are qualified to serve as class counsel

3. Ramon Garcia, Victor Ramirez, Adrian Valente, Mario Pinon, and Mynor Cabrera are confirmed as Class Representatives and awarded $2,00.00 each for their services as Class Representatives;

4. The Law Office of Thomas W. Falvey, and JML Law, APLC are confirmed as Class Counsel;

5. Payment of fees and other charges of the settlement administrator KCC Class Action Services, LLC, totaling up to $15,000.00 are approved;

6. Based on the motion for attorneys' fees and declarations submitted in support, and for the reasons explained at the final approval hearing, I find that an award of attorneys' fees in the amount of 25% of the Settlement Fund of $1,550,000.00 is justified and an award of litigation costs of $11,620.09 is justified based on the declarations submitted. While a good result was achieved for the class, counsel did not comply with this District's Procedural Guidance for Class Action Settlements and provided only the total hours they spent, rather than the required detailed lodestar information that would have allowed me to evaluate their desire for a 33% recovery. This failure, and the lack of litigation (as opposed to settlement) effort needed, make an award of 25% of the Settlement Fund (almost double the amount they claimed as the lodestar) appropriate.

7. Pursuant to Fed. R. Civ. P. 23(e), I GRANT final approval to the Settlement, and ORDER the parties to implement, and comply with, its terms. I find that the Settlement is fair, reasonable, and adequate, and is binding on all members of the Class. I conclude that the Settlement affords substantial monetary relief to the Class, and is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. I also find that the Settlement is the result of arms-length negotiations between counsel after thorough factual and legal investigation, and significant litigation including fully briefing a motion for class certification. I further find that the response of the Class to the Settlement supports final approval, as no Class Members objected to the proposed Settlement and none have excluded themselves from the Settlement.

8. The Notice provided to the Class constituted the best notice practicable under the circumstances, and met the requirements of due process under the United States Constitution and

California law, by providing individual notice to all Class Members who could be identified through reasonable effort.

9. I find that the proposed plan of allocation is fair and reasonable. The procedures set forth in the Settlement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement and this Order.

10. By operation of this Order and upon the effective date of the Judgment, Plaintiffs shall release, relinquish, and discharge all claims against the Releasees released under the terms of Paragraphs 29 through 31 of the Settlement.

11. By operation of this Order and upon the effective date of the Judgment, all Class Members who have not opted out of the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees as set forth in Paragraph 29 of the Settlement.

12. This Judgment is intended to be only a partial disposition of the above captioned action, and is intended to be immediately appealable only as to the claims against Defendant Joseph Eletto Transfer, Inc., and the portion of the claims within the statutory period of July 1, 2012 to December 27, 2014 for Defendant Macy's West Stores, Inc.

13. I shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

15. The award of attorneys' fees and costs (as identified above) are to be deducted from the settlement fund of pursuant to the terms of the Amended Joint Stipulation of Class Action Settlement and Release, attached to the Declaration of Thomas W. Falvey as Exhibit "1".

16. The Settlement Administrator shall pay the above-stated attorneys' fees and costs to Class Counsel within twenty-one (21) calendar days of the Effective Date, as defined in

3

paragraph 9(b) of the settlement.

**IT IS SO ORDERED.**

Dated: December 28, 2017

William H. Orrick
United States District Judge