UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMON GARCIA, et al.,

    Plaintiffs,

v.

MACY'S WEST STORES, INC., et al.,

    Defendants.

Case No. 16-cv-04440-WHO

**ORDER GRANTING PRELIMINARY APPROVAL**

Having fully reviewed the Plaintiffs' Amended Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, the Supplemental Brief in Support, and the declarations in support, including the Declaration of Armand R. Kizirian (Dkt. No. 115-1), I find as follows:

1. On a preliminary basis, the Settlement Agreement (Amended Joint Stipulation of Class Action Settlement and Release, attached as Exhibit "1" to the Declaration of Michael H. Boyamian), appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Defendant XPO Last Mile, Inc. has agreed to pay $3,500,000.00 on behalf of itself and Defendant Macy's West Stores, Inc. for distribution to the Putative Class Members, Class Representatives, Class Counsel, the Labor Workforce and Development Agency, and the Claims Administrator, in exchange for a release and full and final disposition of this case, as described in the Settlement Agreement.

2. It further appears, on a preliminary basis, that the Settlement is fair and reasonable to Putative Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and potential appeals of rulings concerning the claims arising in the Settlement Period of December 28, 2014 to the present. Sufficient investigation, discovery, research, and litigation has been conducted such that counsel for the Parties at this time are able to

reasonably evaluate their respective positions and make reliable recommendations regarding the approval of this Settlement. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties;

3. Accordingly, the Amended Motion for Approval of the Settlement is GRANTED.

4. The following class is conditionally certified for settlement purposes, pending final approval: all individuals who performed services as Drivers and/or Helpers delivering Macy's products and/or furnishings, who did not sign a Delivery Service Agreement with Defendants, and who were tendered loads at the location identified as the Macy's Logistics and Operations distribution center, 1208 Whipple Road, Union City, California 94587 between December 28, 2014 and the date of this Order.

5. The Notice of Proposed Class Action Settlement and Exclusion Form, as revised and attached as Exhibit 1 to the Kizirian Declaration, fully advises Putative Class Members of the proposed Settlement, preliminary Court approval of the proposed Settlement, exclusion and objection timing and procedures, dispute resolution procedures, and the Final Approval Hearing. The Notice, and Notice Plan, comports with all constitutional requirements including those of due process.

6. Accordingly, I approve the proposed Notice for distribution to the Putative Class Member.

7. Upon consideration of the information regarding the work counsel has done in identifying and investigating the claims in this action, counsel's experience in handling class actions and the type of claims asserted here, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the Putative Class Members, Michael H. Boyamian, and Armand R. Kizirian of Boyamian Law, Inc., Thomas W. Falvey, of the Law Offices of Thomas W. Falvey, and Joseph M. Lovretovich of JML Law, APLC are hereby appointed as Class Counsel.

8. Upon consideration of the information regarding the efforts of the Named

2

Plaintiffs, and the adequacy of their representation of absent class members, Plaintiffs Adrian Valente, Mario Pinon and Mynor Cabrera are hereby appointed as Class Representatives of the Putative Class.

9. KCC Class Action Services, LLC is hereby appointed as the Settlement Administrator for this Settlement.

10. I find that mailing to the present and last known addresses of the Putative Class Members in English and Spanish, the use of radio and newspaper ads in English and Spanish placed throughout the San Francisco Bay Area, and the use of a website constitutes an effective method of notifying Putative Class Members of their rights with respect to the Settlement.

ACCORDINGLY, IT IS ORDERED:

(a) Within fourteen (14) days, Defendant XPO Last Mile, Inc. shall forward to the appointed Claims Administrator, KCC, the Class Information, as that term is defined in the Joint Stipulation of Class Action Settlement and Release;

(b) Within twenty-one (21) days, the Claims Administrator, KCC, shall mail to each member of the Settlement Class, by first class, postage pre-paid, the Notice of Class Action Settlement, Verification Form, Exclusion Form, and a postage-paid envelope addressed to the Claims Administrator. All mailings shall be made to the present and/or last known mailing address of the Putative Class Members based on Defendants' records or other information known to the Parties, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Putative Class Members, plus the other efforts, as set forth in this paragraph is the best means practicable by which to reach Putative Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

11. IT IS FURTHER ORDERED that all:

(a) Requests for Exclusion and completed Verified Claim Forms must be mailed to the Claims Administrator, postmarked on or before the 120th day after the Notice Packet was mailed to the relevant Putative Class Member, excepting Putative Class

Members who had Notice Packets re-mailed, who shall have an additional 15 days;

  (b)  Objections must be filed with the Court as described in the Class Notice and also served on Class Counsel and on Defense Counsel on or before the 120th day after the Notice Packet was mailed to the relevant Putative Class Member, excepting Putative Class Members who had Notice Packets re-mailed, who shall have an additional 15 days;

12. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held at **2:00 p.m., on March 11, 2020**, in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102. At the Final Hearing I will consider final approval of the proposed Settlement and consider the application of Class Counsel for an award of reasonable attorneys' fees, litigation expenses, Class Representative Service Payments, and for costs of claims administration incurred;

13. IT IS FURTHER ORDERED that all briefs in support of final approval of the Settlement and for Award of Attorneys' Fees, Costs, Class Representative Service Awards, and Putative Class Member Service Awards shall be served and filed with the Court at least 35 days prior to the close of the Exclusion and Objection Period, such that Putative Class Members will be able to review Plaintiffs' attorneys' fees request prior to the close of such period.

14. IT IS FURTHER ORDERED that any party to this case, including Putative Class Members, may appear at the Final Approval Hearing in person or by counsel in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses.

15. IT IS FURTHER ORDERED that in the event of the occurrence of the Effective Date, as defined in the Settlement Agreement, all Putative Class Members, except those who have requested exclusion from the settlement, and their successors shall conclusively be deemed to have given full releases of any and all Released Claims against all Released Parties, as those terms are defined in the Settlement Agreement, and all such Putative Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Parties as described by the Settlement Agreement;

16. IT IS FURTHER ORDERED that if, for any reason, I do not execute and file an

Order of Final Approval, or if the Effective Date does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

17. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

18. The Court expressly reserves the right to continue or otherwise reset the Final Approval Hearing without further notice to the Putative Class Members.

**IT IS SO ORDERED.**

Dated: October 30, 2019



William H. Orrick
United States District Judge