1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GARCIA, an individual; VICTOR RAMIREZ, an individual; ADRIAN VALENTE, an individual; MARIO PINON, an individual; MYNOR CABRERA, an individual; Individually, and on Behalf of All Similarly Situated Individuals<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S WEST STORES, INC., an Ohio corporation; JOSEPH ELETTO TRANSFER, INC., a New York corporation; XPO LOGISTICS, LLC, an Ohio corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO. 3:16-CV-04440-WHO<br><br>[THE HONORABLE WILLIAM H. ORRICK]<br><br>**CLASS ACTION**<br><br>**[~~AMENDED PROPOSED~~] ORDER:**<br><br>**(1)  GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(2)  ENTERING FINAL JUDGMENT**<br><br>Date: July 8, 2020<br>Time: 2:00 p.m.<br>Courtroom: 2 (17th Floor)<br><br>Action Filed: July 1, 2016<br>Complaint Removed: August 5, 2016<br>Trial: N/A |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On July 8, 2020, a hearing was held on the Motions of Plaintiffs Adrian Valente, Mario Pinon, and Mynor Cabrera ("Plaintiffs") for final approval of their class settlement memorialized in the Amended Joint Stipulation of Class Action Settlement and Release, Dkt. No. 110-1 (the "Settlement") with Defendants Macy's West Stores, Inc. and XPO Logistics, LLC ("Defendants"), and payments to the Plaintiffs, Class Counsel and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its October 30, 2020 Order (Docket No. 116) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, as well as the Second Supplemental Brief in support of Plaintiffs' Motion for Final Approval  the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Final Approval Order and Judgment adopts all defined terms set forth in the Settlement.

2.      The Court has jurisdiction over this action and the Settlement pursuant to 28 U.S.C. sections 1332(a) and 1332(d).

3.      For settlement purposes, the Court confirms certification of the class defined as: "All individuals who performed services as Drivers and/or Helpers delivering Macy's products and/or furnishings, who did not sign a Delivery Service Agreement with Defendants, and who were tendered loads at the location identified as the Macy's Logistics and Operations distribution center, 1208 Whipple Road, Union City, California 94587 between December 28, 2014 and the Preliminary Approval Date."

- 1 -

4.     Pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") was sent to each Class Member for which the Settlement Administrator had an address by first-class mail.   The declaration submitted by the Settlement Administrator, Susanna Webb of Kurtzman Carson Consultants ("KCC") also described other methods utilized to effectuate notice of the Class Notice to Class Members, including, re-mailing, e-mailing, newspaper and radio advertisements, in-depth search, toll-free call-in telephone lines, a claims website, and calling campaigns.   The Class Notice informed Class Members of the terms of the Settlement, the option to submit a Verified Claim Form, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.   Adequate periods of time were provided by each of these procedures.

5.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.     Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after Plaintiffs' motion seeking preliminary approval of the Settlement was filed in court, Defendant discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.   The notice of Settlement also invited comment on the Settlement.  This Final Approval Order is being issued more than ninety days after the later of the dates on which the appropriate federal and state officials were served with the notice of the Settlement.

Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

7.    No Class Members filed written objections to the Settlement as part of this notice process.

8.    For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Putative Class and each Settlement Class Member will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9.    The Court finds and determines that the Gross Settlement Amount in the amount of $3,500,000 and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable.  The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Settlement Class Members for whom the Settlement Administrator has a taxpayer identification number, out of the Net Settlement Amount in accordance with the Settlement, and the following two-step distribution scheme agreed by the Parties:

a.    The Settlement Administrator shall perform an initial calculation of the individual payments due to Settlement Class Members, and within forty-five (45) days of the Effective Date, as set forth in Paragraph 9(c) of the Settlement, distribute 80% of each Settlement Class Member's individual share for whom the Settlement Administrator has a taxpayer identification number ("First Distribution").

b.    The Settlement Administrator shall reserve 20% of the Settlement Class Members' individual shares in order to satisfy the individual payments that may become due to Settlement Class Members for whom the Settlement Administrator does not have a taxpayer identification number at the time of the First

- 3 -

Distribution.

c.    During the ninety (90) days following the First Distribution ("Waiting Period"), any Settlement Class Member for whom the Settlement Administrator does not have a taxpayer identification may provide his taxpayer identification number to the Settlement Administrator and additional claim information so they may receive an individual share in a second distribution.  Pursuant to Settlement Paragraph 9(f)-(g), the Settlement Administrator shall inform the parties of any Settlement Class Members who provide a taxpayer identification number during the Waiting Period, and may adjust any compensation dispute in conformance with the Settlement.

d.    Within one hundred (100) days after the First Distribution, and following the Waiting Period, the Settlement Administrator shall perform a second, and final calculation of the individual payments due to Settlement Class Members ("Final Distribution Calculation").  The Settlement Administrator shall distribute the remaining 20% of the Net Settlement Fund to pay the amounts that remain due and owing to all Settlement Class Members according to the Final Distribution Calculation ("Second Distribution").  In the event of a shortfall in the Net Settlement Amount, the individual shares of those Settlement Class Members who provided their taxpayer identification after the First Distribution occurred shall be reduced in equal amounts in proportion to their individual shares such that the total amount distributed does not exceed the Net Settlement Amount.

e.    The Settlement Administrator shall include the cover letter attached as Exhibit "1" to the Supplemental Declaration of

- 4 -

Armand R. Kizirian filed in support of Plaintiffs' Motion for Final Approval of Class Action Settlement along with checks mailed out with the First Distribution so that Participating Class Members are notified that a second settlement check may also be sent to Participating Class Members as a part of the Second Distribution specified in this Order.

    f.     After the First Distribution and Second Distribution, any amounts that remain with the Settlement Administrator as a result of uncashed checks shall be distributed to the *cy pres* beneficiary in accordance with the timeline specified in Paragraph 10(d) of the Settlement.

    g.     The terms of the Settlement remain unchanged, and it is the intent of this two-step distribution process to permit those providing taxpayer identification, or additional claim information, after the First Distribution to share in the Net Settlement Amount as a Settlement Class Member.

10.    The Court finds and determines that the fees and expenses of KCC in administrating the settlement, in the amount of $80,000, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

11.    The Court finds and determines that the request by Plaintiff and Class Counsel to pay the Class Representative Service Payment and the attorneys' fees and costs pursuant to the Settlement are fair and reasonable. The Court hereby grants final approval to and orders that payments of $5,000.00 each to Plaintiffs Mario Pinon, Adrian Valente, and Mynor Cabrera (collectively $15,000) for their Class Representative Enhancement payments, $875,000.00 for attorneys' fees to Class Counsel, and $45,325.20 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

- 5 -

12.    As of the Effective Date as defined in the Settlement, all Settlement Class Members, except those who have requested exclusion from the Settlement, and their successors, shall conclusively be deemed to have given full releases of any and all Class Released Claims against all Released Parties, as those terms are defined in the Settlement, and all such Settlement Class Members and their successors shall be permanently enjoined and forever barred from asserting any released claims against any Released Parties as described in the Amended Joint Stipulation of Class Action Settlement and Release (Dkt. No. 110-1).

13.    As of the Effective Date, Plaintiffs hereby fully, finally, and forever settle and release any and all claims against Defendants as described in the Joint Stipulation of Class Action Settlement and Release (Dkt. No. 110-1)).

14.    Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Settlement.

15.    If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16.    The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Settlement Class Members, individually or collectively, and all such liability is expressly denied by Defendants.

17.    By means of this Final Approval Order, this Court hereby enters final

- 6 -

judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

18.   Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

19.   The Parties are hereby ordered to comply with the terms of the Settlement.

20.   Within 21 days after the distribution of the settlement funds and payment of attorneys' fees, the Parties shall file a Post-Distribution Accounting in accordance with the requirements set forth in the United States District Court Northern District of California's Procedural Guidance for Class Action Settlements (https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/).

21.   This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Order.

DATED:  August 27, 2020_____

_____

HON. WILLIAM H. ORRICK
JUDGE OF THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
CALIFORNIA

4831-4031-7639, v. 1

- 7 -